UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD C. LOYER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF CYPRESS, et al.,<br><br>　　　　　Defendants. | Case No. 8:19-cv-01504-PSG-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I.   BACKGROUND AND SUMMARY

On July 30, 2021, plaintiff Clifford C. Loyer, who was then in state custody, is proceeding *pro se*, and has been granted leave to proceed without prepayment of the full filing fee, filed the operative Second Amended Civil Rights Complaint pursuant to 42 U.S.C. §§ 1983 & 1985 ("Second Amended Complaint" or "SAC"). (Docket No. 27). Plaintiff's current address of record ("Address of Record") is reflected on the first page of the Second Amended Complaint.

The Court, on multiple occasions, has advised plaintiff of his obligation to keep the Court apprised of his correct address and the consequences of his failure to do so. See Notice of Judge Assignment and Reference to a United States Magistrate Judge (Docket No. 3) (advising plaintiff that he is required to notify the Court within five (5) days of any address change, and that if mail directed by the

Clerk to his address of record is returned undelivered by the Post Office, and if the Court is not timely notified thereafter of his current address, the Court may dismiss the matter for want of prosecution) (citing Local Rule 83-2.5); Initial Order Re: Pro Se Civil Rights Cases (Docket No. 9) (advising plaintiff that, "[a]s long as this action is pending, plaintiff must immediately notify the Court and defense counsel if his/her address changes and promptly provide the Court with the new address and its effective date" and cautioning plaintiff that "[a]ny failure by plaintiff to provide the Court and defendants with plaintiff's current address, may result in a dismissal of the case for want of prosecution.") (citing Local Rule 41-6).

On February 10, 2022, the Magistrate Judge issued an order ("February Order") in which she screened the Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A and 42 U.S.C. § 1997e(c), identified multiple deficiencies therein, dismissed the Second Amended Complaint with leave to amend, and directed plaintiff, within twenty days, to either file a third amended complaint which the cures the pleadings defects identified in the February Order, a notice of dismissal, or a notice of intent to stand on Second Amended Complaint. (Docket No. 31). The February Order was entered on February 11, 2022 and contemporaneously sent to plaintiff at his Address of Record. (Docket No. 31).

On February 28, 2022 and March 2, 2022, the copies of the February Order that were sent to plaintiff at his Address of Record were returned by the Postal Service as undeliverable, with the latter bearing the notation "Inmate discharged from prison on 2-1-2022 No longer here[.]" To date, plaintiff has failed to notify the Court of his new/updated address. (Docket Nos. 32, 33).

As discussed below, this action is dismissed due to plaintiff's failure to keep the Court apprised of his correct address, which amounts to a failure to prosecute.

///
///
///

## II. DISCUSSION

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of his current address at all times. Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and e-mail address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

In the instant case, more than 14 days have passed since the service date of the February Order. As noted above, to date, plaintiff has not notified the Court of his new address.

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

///

The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the Court of his correct address. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal of action for lack of prosecution pursuant to local rule which permitted such dismissal when pro se plaintiff failed to keep court apprised of correct address; "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."). The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with plaintiff based on his failure to keep the Court apprised of his current address, no lesser sanction is feasible. See Musallam v. United States Immigration Service, 2006 WL 1071970 (E.D. Cal. Apr. 24, 2006).

### III. ORDER

IT IS THEREFORE ORDERED that this action is dismissed for want of prosecution based upon plaintiff's failure to keep the Court apprised of his current address.

IT IS SO ORDERED.

DATED: 3/16/22

HONORABLE PHILIP S. GUTIRREZ
CHIEF UNITED STATES DISTRICT JUDGE